UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTONIO NEVELS,
                       Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,
                       Defendants.

21-CV-10074 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Before the Court are Plaintiff Antonio Nevels' motion for default judgment against Defendants Create, Inc. and Create Young Adult Residences (collectively, "Create") and Create's motion to vacate the certificate of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Nevels' motion for default judgment is denied and Create's motion to vacate the certificate of default is granted.

**I.  Background**

Create was served on January 25, 2022, and an answer was due on February 15, 2022. (Dkt. Nos. 10, 11.) The affidavits of service state that the summons and complaint were delivered to and accepted by Naomi Nixon, Administrative Assistant, at 73 Lenox Avenue, New York, New York. (*See* Dkt. Nos. 10, 11.) On February 16, 2022, Nevels filed a proposed Clerk's Certificate of Default (Dkt. No. 15), which was signed by the Clerk of the United States District Court for the Southern District of New York the following day (Dkt. No. 16). On April 4, 2022, Nevels filed a motion for default judgment against Create. (Dkt. No. 22.) The affidavits of service for the motion for default judgment state that the documents were delivered to Shakwana Potts, Administrative Assistant, at 73 Lenox Avenue on April 5, 2022. (Dkt. Nos. 26, 27.)

On April 8, 2022, Create filed notices of appearance (Dkt. Nos. 28, 29, 31), and on April 12, 2022, Create filed a motion to vacate the Clerk's Certificate of Default (Dkt. No. 32).

## II. Legal Standard

Once the Clerk of Court has entered the party's default, a defendant may move to set aside the default entry for "good cause shown." Fed. R. Civ. P. 55(c). Where there has been an entry of certificate of default, but no default judgment, the Court decides the motion to vacate the entry of default pursuant to Rule 55(c), which "is less rigorous than the 'excusable neglect' standard for setting aside a default judgment." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). To determine whether the motion is supported by good cause, courts consider "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

Default judgments are generally disfavored and there is "[a] clear preference . . . for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174. Therefore, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

## III. Discussion

Having considered all the relevant factors, the Court concludes that Create's motion to vacate the certificate of default should be granted.

First, there is no basis to conclude that Create's default was willful. "The Second Circuit has interpreted willfulness, in the context of a default, to refer to conduct that is more than merely negligent or careless." *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12 Civ. 0052, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013) (internal quotation marks omitted).

"[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* (internal quotation marks omitted). But even gross negligence does not result in a finding of willfulness. *See Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Here, Rachel Bloxson, the Vice President for Human Resources of Argus Community, Inc., which operates Create's programs, stated that she never received or saw the summons and complaint filed in this matter. (Dkt. No. 35 ¶ 13.) Though the default was careless — as Nevels points out, the motion for default judgment papers was served at the exact same location as the summons and complaint and Bloxson *did* receive the latter documents (Dkt. No. 38 at 9) — this does not amount to a willful default.

Second, Create has put forth some evidence to support a defense to the claims that Nevels asserts against them. "To satisfy the criterion of a meritorious defense, the defense need not be ultimately persuasive at this stage. A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance*, 92 F.3d at 61 (internal quotation marks omitted). In his complaint, Nevels asserts claims against Create for negligent hiring, training, retention, and supervision, intentional and negligent infliction of emotional distress, and negligence for failing to enforce a no-weapons policy. (*See* Dkt. No. 1 ¶¶ 146–80.) Create contends that it took reasonable steps to minimize foreseeable danger to its clients, including properly staffing the shelter, placing metal detectors at the entrances, maintaining a no-weapons policy, promptly responding to dangerous situations, and calling the police when necessary. (*See* Dkt. No. 36 at 6–7.) These factual allegations raise a sufficient question as to whether Create properly provided the proper duty of care owed to its residents. *See Vega v. Fox*, 457 F. Supp. 2d 172, 187–88 (S.D.N.Y. 2006).

Finally, there is no evidence that Nevels will be prejudiced if the motion to vacate is granted. Nevels argues that "it may be more difficult . . . to prosecute his case adequately and fairly" if the "delay resulted in the loss of relevant data or documents, or if certain witnesses are no longer available." (Dkt. No. 38 at 15.) But given that the matter is in its very early stages of litigation and the fairly limited period of time between when the action commenced and when Create filed its notice of appearance, the Court does not find any reason to conclude that Nevels would be meaningfully prejudiced by vacating the default.

### IV. Conclusion

For the foregoing reasons, Create's motion to vacate the certificate of default is GRANTED and Nevel's motion for default judgment is DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 22 and 32.

SO ORDERED.

Dated: June 3, 2022
      New York, New York

_____
J. PAUL OETKEN
United States District Judge